UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOVSES KVRYAN,<br><br>    Plaintiff,<br><br>v.<br><br>FERETI SEMAIA et al.,<br><br>    Defendant. | Case No. 5:26-cv-03365-SB-KES<br><br><br>ORDER DISMISSING PETITION AND DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER |

Petitioner Movses Kvryan filed a habeas petition and ex parte application for a temporary restraining order (TRO) seeking his immediate release from immigration detention.  Dkt. Nos. 1, 3.  The petition and TRO application are denied.

I.

Petitioner was born in Yerevan, a city formerly within the Soviet Union and now the present capital of Armenia, and entered the United States as a refugee at the age of six.  He has sustained several criminal convictions while living in the United States, including a 1995 conviction for burglary and a 1997 conviction for attempted murder, the latter of which resulted in a 15-year sentence.  Based on this conviction, immigration officials initiated removal proceedings against him.  In 2010, an immigration judge ordered Petitioner removed to Armenia.  He did not appeal the removal order to the Board of Immigration Appeals.  Petitioner was released on an order of supervision (OSUP) because the newly independent Republic of Armenia would not accept him.  He has lived with his mother while managing a schizophrenia diagnosis.

On December 19, 2025, the Department of Homeland Security (DHS) redetained Petitioner at a routine check-in and took him into custody.  Petitioner

1

received written notice and an informal interview on the day he was redetained.[1] *See* Dkt. No. 10 at 8–9 of 12; Dkt. No. 9 at 5 of 11.

On June 17, 2026, Petitioner filed a habeas petition and TRO application seeking his immediate release from immigration detention.  He asserts that his redetention violates due process, the Immigration and Nationality Act (INA) and its implementing regulations, and the procedures governing third-country removal.

## II.

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of federal law.  28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or the laws or treaties of the United States").  As relevant here, Petitioner brings claims asserting violations of due process, the INA and its implementing regulations, and procedures for third-country removal.

## A.

Petitioner contends that the length of his detention violates his constitutional right to due process.

The INA requires detention of a removable "alien" during a 90-day removal period, 8 U.S.C. § 1231(a)(1), and permits continued detention under § 1231(a)(6), but only for the time "reasonably necessary" to effect removal, because indefinite detention would raise Fifth Amendment Due Process concerns.  *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).  The presumptively reasonable period for removal is six months.  *Id.* at 701.  After that period, "if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must either rebut that showing or release the alien."  *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadyvydas*, 533 U.S. at 701).  *Zadvydas* thus places the initial burden on Petitioner to show

---

[1] Although Petitioner initially asserted that Immigration and Customs Enforcement (ICE) failed to provide notice or an explanation before revoking his Order of Supervision (OSUP), he acknowledges in reply that he received both notice and an interview.  Dkt. No. 10 at 8–9 of 12.

detention has become unreasonable.  *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003).

Here, Petitioner has not shown there is no significant likelihood of removal in the reasonably foreseeable future—even accepting that he has been detained for more than six months.  Petitioner asserts that his removal to Armenia is speculative because he was born in the Armenian Soviet Socialist Republic, *see* Dkt. No. 1 at 8 of 45, and because the government was previously unable to remove him to Armenia, *see* Dkt. No. 3-1 at 19.  But Petitioner does not dispute that others born in the Soviet Union have been successfully removed to Armenia. *See Ovsepian v. Bondi*, No. 5:25-cv-01937-MEMF, Dkt. No. 44 (C.D. Cal. Oct. 9, 2025). Furthermore, the government provides evidence that it has prepared a travel package and that Armenia is currently reviewing Petitioner's application.  Dkt. No. 9 at 8 of 11; *see also Sinanyan v. Santacruz*, No. 5:26-cv-00395-CV, 2026 WL 712596, at *4 (C.D. Cal. Feb. 10, 2026) ("Respondents provided documents showing their efforts to obtain travel documents from Russia and Armenia."); *Tashchian v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00752, 2025 WL 2988535, at *2 (E.D. Cal. Sept. 19, 2025) (rejecting a *Zadvydas* claim where the petitioner was detained for nine months because an application for travel document was resubmitted and a decision from Armenia was pending).

Petitioner's *Zadvydas* claim therefore fails at this time.  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063–64 (9th Cir. 2008) (noting that "the government's purported interest in detaining an alien [is] severely diminished when there [is] no significant likelihood that the alien *could be* removed").

B.

Petitioner next argues that his detention violates the provisions of 8 C.F.R. § 241.13 and 241.4, which require the government to provide notice and an opportunity to respond and to specify the basis for revocation.[2]

Although Petitioner previously asserted that he did not receive notice, he now admits that the government provided written notice and an interview.  Dkt. No. 10 at 8–9 of 12–13; *see also* Dkt. No. 9-6 (notice and service on the day of

---

[2] Petitioner cites § 241.4 in one cause of action, Dkt. No. 1 at 22 of 45, but otherwise does not rely on that regulation.  In any event, § 241.4 broadly authorizes revocation of an order of supervision when "it is appropriate to enforce a removal order," which the government relies on here.  8 C.F.R. § 241.4(l)(2)(iii).

detention).[3]  His claim fails for that reason alone.  To the extent that he argues the government was required to provide him with notice and an interview before revoking his release, the regulations require only notice "upon revocation" and a "reasonably prompt" interview, which may occur after detention.  8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3); *see also Bonilla v. Noem*, No. 1:26-cv-01425, 2026 WL 849579, at *2–3 (E.D. Cal. Mar. 27, 2026) (rejecting argument that petitioner's release was revoked without sufficient notice or an interview where she received both on the same date she was redetained).

Petitioner has not demonstrated that revocation was improper under § 241.13(i)(2).  Section 241.13 permits revocation "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  8 C.F.R. § 241.13(i)(2).  The government identified changed circumstances—namely, Armenia's acceptance of those born in the former Soviet Union and submission of Petitioner's travel-document application to Armenia.  Dkt. No. 9 at 2 of 11; Dkt. No. 9-6 (stating Armenia was currently reviewing his case).   On this record, Petitioner has not shown that the regulation requires anything more.

C.

Petitioner also raises claims challenging third-country removal and punitive banishment, but neither is ripe.

In 2010, Petitioner was ordered removed to Armenia, and the government now intends to remove him to Armenia.  There are no facts suggesting that Petitioner will be removed to a third country.  *See Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA, 2025 WL 2014208, at *6 (C.D. Cal. June 25, 2025) (third-country removal is to a country other than that designated during immigration proceedings on the order of removal).  Absent any factual basis to believe that third-country removal is imminent or even under consideration, Petitioner's assertion rests on speculation and does not present a ripe controversy warranting relief.  *See, e.g.,*

---

[3] Although Petitioner initially argued that he received neither notice nor an opportunity to respond before revocation of his order of supervision, he shifts his position in reply and argues instead that the notice of revocation inadequately explained the basis for revocation.  Because that argument was raised for the first time in reply, the Court need not consider it.  In any event, Petitioner has not developed the contention or cited authority indicating that 8 C.F.R. § 241.13(i)(2) requires the level of factual detail he asserts.

4

*Vladimirovich v. Noem*, No. 5:26-cv-00737-MRA, 2026 WL 1045656, at *3 (C.D. Cal. Apr. 13, 2026) (gathering cases and denying habeas relief where "Petitioner's fear of being removed to a third country without proper notice or opportunity to respond is only speculative and not ripe for adjudication").

III.

For the reasons stated above, Petitioner has not demonstrated that he is in custody in violation of the Constitution or the laws of the United States. Accordingly, the petition and the TRO application are denied.  A separate judgment will issue.

Date: June 30, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge